UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____x
                                        :
UNITED STATES OF AMERICA,               :
                                        :
        *Plaintiff,*                    :
                                        :   CASE NO. 1:20-CV-487[DNH/DJS]
        *v.*                            :   No.
                                        :
PIONEER BANK,                           :
PIONEER BANCORP, INC. and               :
CLOUD PAYROLL, LLC,                     :
                                        :
        *Defendants.*                   :
_____x

## COMPLAINT

The United States of America, at the direction of a delegate of the Attorney General and with the authorization of a delegate of the Secretary of the Treasury, pursuant to 26 U.S.C. § 7401, brings this civil action to: (1) obtain an accounting of all payroll tax deposits received by Pioneer Bancorp, Inc., and/or Pioneer Bank in a certain tax settlement account or accounts between August 27, 2019 and September 9, 2019, (2) recover all trust fund taxes in such tax settlement account(s) that were not paid over to the United States, and (3) turn over to the United States the non-trust fund payroll taxes in such tax settlement account(s) that were not paid over to the United States. In support of its complaint, the United States alleges as follows:

### JURISDICTION AND PARTIES

1.      The district court has jurisdiction pursuant to 26 U.S.C. § 7402(a), and 28 U.S.C. §§ 1331, 1340, and 1345.

2.      Defendant Pioneer Bank, is a bank doing business in Albany, New York, within the jurisdiction of this Court.

1

3.     Defendant Pioneer Bancorp, Inc. is a bank incorporated in Maryland, with a principal place of business in Albany, New York, within the jurisdiction of this Court.

4.     Defendant Cloud Payroll, LLC ("Cloud") is a Delaware limited liability company with its principal place of business in Clifton Park, New York, within the jurisdiction of this Court.

## PAYROLL TAXES

5.     At the time an employer pays wages, the employer must deduct and pay over to the United States a portion of those wages in respect of federal taxes imposed on the employees, and also must pay the employer's share of federal taxes related to the payment of wages; together, the employees' and employer's taxes are commonly referred to as "payroll taxes." 26 U.S.C. §§ 3102, 3402. These taxes include employees' income tax withholdings; the Federal Insurance Contributions Act (FICA) (Social Security), imposed partly on the employer and partly on the employee; Medicare tax, also imposed partly on the employer and partly on the employee; and the Federal Unemployment Tax Act (FUTA) (imposed solely on the employer). Payroll taxes (excluding FUTA taxes) must be paid over to the United States Treasury as federal tax deposits within a short time of when wages are paid, and any shortfall must be paid with a quarterly employment tax return (reported on Form 941). FUTA taxes are paid annually (reported on Form 940).

6.     When a person is required to withhold a tax from wages paid to an employee and pay over the amount withheld to the United States, the amount of the tax withheld is held in trust for the benefit of the United States until it is paid over. 26 U.S.C. § 7501. This trust applies to income tax withholding and the employees' portions of FICA and Medicare tax ("trust fund

taxes").  The employer's portions of FICA and Medicare tax and FUTA taxes are not subject to the imposition of the trust.

7.    When net wages are paid without paying over the trust fund taxes, the trust is imposed on the withheld funds.

### THE MONEY AT ISSUE

8.    Michael T. Mann ("Mann") operated numerous businesses, including Cloud.

9.    The businesses operated by Mann, including Cloud, provided tax collection and payment services, including payment of payroll taxes, for numerous companies throughout the United States.

10.    To provide these payroll services to its customers, Cloud had a tax settlement account at defendant Pioneer Bank with an account number ending in 4220 (the "Pioneer tax settlement account.").

11.    The Pioneer tax settlement account was used to hold payroll taxes that had been withdrawn from employer accounts by payroll servicing companies until such funds were paid to state and local taxing authorities and the Internal Revenue Service ("IRS").

12.    Southwestern Payroll Service Inc. ("Southwestern Payroll") is an Oklahoma payroll support company that contracts with numerous employers to provide payroll processing services, including providing payroll checks to its clients' employees, and collecting, processing, and remitting the clients' payroll taxes to the appropriate taxing authorities in an accurate and timely fashion.

13.    On or about April 21, 2017, Mann, through Cloud, purchased 51% of the outstanding stock of Southwestern Payroll.

3

14.     On information and belief, Pioneer Bank provided the financing for Cloud's purchase of the majority interest in Southwestern Payroll.

15.     On information and belief, when Southwestern Payroll processed an employer's payroll, Southwestern Payroll withdrew the payroll taxes, including trust fund taxes owed to the IRS, from the employer's accounts and placed those funds in an account controlled by Southwestern Payroll at Prosperity Bank in Tulsa, Oklahoma.  From there, National Payment Corporation ("NatPay"), an ACH servicer that contracted with multiple payroll companies (including Southwestern Payroll), would transfer the payroll taxes first to an account at First Premier Bank in Sioux Falls, South Dakota, and then to the Pioneer tax settlement account.  The funds would be held in the Pioneer tax settlement account until Cloud provided instructions to NatPay, which would transfer the payroll taxes from that account to First Premier, then to the appropriate state and federal taxing authorities.

16.     On information and belief, NatPay transferred funds to the Pioneer tax settlement account for payrolls processed by other payroll-service companies, in addition to Southwestern Payroll.

17.     On information and belief, at some point on or prior to August 30, 2019, Pioneer believed Mann to be in default of a $42 million revolving line of credit it had extended to Mann on August 12, 2019, as collateral for which Mann had pledged bank accounts, including the Pioneer tax settlement account.

18.     On information and belief, on September 11, 2019, Pioneer sent a default notice to Mann and/or his affiliated companies, demanding payment on the revolving line of credit.

19.     On information and belief, beginning on or about August 30, 2019, Pioneer froze outgoing transactions from the Pioneer tax settlement account, but continued to receive deposits

4

of payroll taxes made by NatPay to that account until September 4, 2019. On and/or after August 30, 2019, Pioneer seized funds in Mann's accounts, including the funds in the Pioneer tax settlement account, to apply towards debts allegedly owed to Pioneer by Mann.

20.     On information and belief, the amounts seized by Pioneer include $7,270,458.70 representing payroll taxes transferred from Southwestern Payroll on behalf of 842 employers that were intended to be paid to the IRS.   A portion of that $7,270,458.79 represents the trust fund taxes that are held in trust for the United States.

21.     Upon information and belief, the employees from whose wages the trust fund taxes set forth in Paragraph 19, above, were withheld were paid net wages and, as such, the portion of the $7,270,458.70 that constituted trust funds within the meaning of 26 U.S.C. § 7501 is properly the property of the United States.

22.     On information and belief, the funds seized by Pioneer included at least $6,602,162.56 in payroll taxes transferred to it by NatPay on behalf of payroll processing companies other than Southwestern Payroll.  However, it is unknown at this time whether the wages associated with those payroll taxes were paid and, of that amount, what portion constituted trust funds.

23.     As a result of Pioneer's actions in seizing the payroll tax deposits from the Pioneer tax settlement account, the employers who made good-faith contractual arrangements to provide for the timely payment of payroll taxes remain liable to the United States to the extent of the unpaid taxes.

**Count I: Accounting (Against Cloud Payroll)**

24.     The United States incorporates the allegations in Paragraphs 8 through 23 as if they were restated herein.

25.     As set forth above, Cloud Payroll was responsible for determining what payroll taxes deposited into the Pioneer tax settlement account were payable to the IRS and transmitting that information to NatPay.

26.     The United States requests that the Court order Cloud Payroll to provide an accounting of the funds seized by Pioneer from the Pioneer tax settlement account, specifically delineating, by employer, the amount of wages intended to be paid and the amount of payroll taxes that were intended to be paid to the IRS, which will allow the IRS to determine whether net wages were paid and, thus, the amount of the funds seized by Pioneer which constituted trust funds within the meaning of 26 U.S.C. § 7501.

**Count II: Return of Trust Fund Taxes (Against Pioneer Bank and Pioneer Bancorp)**

27.     The United States incorporates the allegations in Paragraphs 8 through 26 as if restated herein.

28.     The trust funds paid by the employers, and transmitted from the payroll servicing companies, including but not limited to Southwestern Payroll, to the Pioneer tax settlement account were not Michael Mann's property, and he lacked the authority to pledge such funds as collateral for any loans or lines of credit extended to him by Pioneer.

29.     Pioneer Bank and/or Pioneer Bancorp wrongfully seized funds that were subject to the statutory trust imposed by 26 U.S.C. § 7501 in favor of the United States, including but not limited to the $7,270,458.70 transferred to it by NatPay from Southwestern Payroll.

30.     Pioneer Bank and/or Pioneer Bancorp owe the United States the sum of all trust funds they received, together with statutory interest computed from the date on which the payments should have been transmitted to the IRS.

31.     To the extent that any employers subsequently paid net wages (or had net wages paid on their behalf) and then timely paid the trust fund taxes associated with those wages to the IRS, the United States is not seeking to recover those amounts from Pioneer (though the employer may have a cause of action against Pioneer in its own name).[1]

**Count III: Return of Non-Trust Fund Taxes (Against Pioneer Bank and Pioneer Bancorp)**

32.     The United States incorporates the allegations in Paragraphs 8 through 31 as if restated herein.

33.     The purpose of the contracts between the payroll companies (including, but not limited to, Southwestern Payroll) and the employers that contracted with them was to ensure timely payment of payroll taxes to taxing authorities, including the IRS.

34.     The purpose of the contract between the payroll companies (including, but not limited to, Southwestern Payroll) and Cloud Payroll was to ensure timely payment of payroll taxes to taxing authorities, including the IRS.

35.     Given that the intent of the contracts was to pay the payroll taxes to the IRS, and not for Michael Mann or any of his related entities to use the funds for any purposes, the funds were never property of Mann's to pledge as collateral for any agreement between him (or any of his related entities) and Pioneer.  At the time that Pioneer seized the funds, such funds were the property either of the IRS or of the individual employers whose taxes the funds were meant to pay.

---

[1] The United States reserves its rights to seek to collect unpaid employment taxes from any person or entity it determines was responsible for paying over trust fund taxes and willfully failed to do so.

36.     On information and belief, at the time it seized the funds, Pioneer knew or was on notice that the funds it seized from the Pioneer tax settlement account were tax payments intended for taxing authorities, including the IRS.

37.     The IRS, as an intended third-party beneficiary of the contracts between the employers and the payroll companies, and of the contracts between the payroll companies and Cloud Payroll, is entitled to enforce the contracts and have Pioneer turn over the non-trust fund portion of payroll taxes to the IRS (in addition to the trust fund portion of the payroll taxes, as set forth in Count II, above).

WHEREFORE, the plaintiff United States of America requests the following relief:

A.     The Court enter judgment in favor of plaintiff United States of America and against defendant Cloud Payroll, LLC, ordering Cloud Payroll to provide an accounting of funds it received as a result of transfers from NatPay, specifically delineating, by employer, what portion of the funds seized by Pioneer Bank and/or Pioneer Bancorp were trust fund taxes that were intended to be paid to the IRS.

B.     The Court enter judgment in favor of plaintiff United States of America and against defendants Pioneer Bank and Pioneer Bancorp, in the amount of any funds determined to have been subject to the § 7501 trust in favor of the United States, plus interest computed from the date on which the funds should have been transferred to the IRS;

C.     The Court enter judgment in favor of plaintiff United States of America and against defendants Pioneer Bank and Pioneer Bancorp, in the amount of any payroll taxes seized by such Defendants that were not subject to the § 7501 trust in favor of the United States, plus interest computed from the date on which the funds should have been transferred to the IRS;  and

D.      The United States of America shall recover its costs, and be awarded such other

and further relief as the Court determines is just and proper.

Respectfully submitted,

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

*/s/ Bradley A. Sarnell*
BRADLEY A. SARNELL
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55
Washington, D.C.  20044
202-307-1038 (v)
202-514-5238 (f)
Bradley.A.Sarnell@usdoj.gov

9

JS 44   (Rev. 3/13)

# CIVIL COVER SHEET
1:20-CV-487

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| United States of America | Pioneer Bank, Pioneer Bancorp, Inc., and Cloud Payroll, LLC, |

| (b)   County of Residence of First Listed Plaintiff _____ | County of Residence of First Listed Defendant    Albany |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |
| | NOTE:       IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |

| (c)   Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |
|---|---|
| Bradley A. Sarnell, U.S. Department of Justice PO Box 55, Washington DC 20044 (202) 307-1038 | |

## II.  BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☑ 1   U.S. Government
    Plaintiff

☐ 3   Federal Question
    *(U.S. Government Not a Party)*

☐ 2   U.S. Government
    Defendant

☐ 4   Diversity
    *(Indicate Citizenship of Parties in Item III)*

## III.  CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.  NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | **Habeas Corpus:** | | ☑ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities Employment | ☐ 540 Mandamus & Other | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | ☐ 465 Other Immigration Actions | | |

## V.  ORIGIN *(Place an "X" in One Box Only)*

☑ 1  Original Proceeding  ☐ 2  Removed from State Court  ☐ 3  Remanded from Appellate Court  ☐ 4  Reinstated or Reopened  ☐ 5  Transferred from Another District *(specify)*  ☐ 6  Multidistrict Litigation

## VI.  CAUSE OF ACTION
(Enter U.S. Civil Statute under which you are filing and write a brief statement of cause.)

26 USC 7402- turnover of tax deposits

## VII.  Previous Bankruptcy Matters (For nature of suit 422 and 423, enter the case number and judge for any associated bankruptcy matter previously adjudicated by a judge of this Court. Use a separate attachment if necessary.

## VIII.  REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $
7,270.458.70

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☐ No

## IX.  RELATED CASE(S) IF ANY
*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

## X. This case (check one box)  ☐ Is not a refiling of a previously dismissed action   ☐ is a refiling of case number _____ previously dismissed by Judge _____

DATE
April 30, 2020

Fee Waived.

SIGNATURE OF ATTORNEY OF RECORD

/s/Bradley A. Sarnell
District Judge: DNH
Magistrate Judge: DJS