UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
:
UNITED STATES OF AMERICA,                  :
:
    *Plaintiff*,                                           :
:
    *v.*                                                          :   No.  1:20-cv-00487-DNH-DJS
:
PIONEER BANK,                                         :
PIONEER BANCORP, INC. and                 :
CLOUD PAYROLL, LLC,                           :
:
    *Defendants.*                                      :
---------------------------------------------------------------x

## AMENDED COMPLAINT

The United States of America, at the direction of a delegate of the Attorney General and with the authorization of a delegate of the Secretary of the Treasury, pursuant to 26 U.S.C. § 7401, brings this civil action to: (1) obtain an accounting of all payroll tax deposits received by Pioneer Bancorp, Inc., and/or Pioneer Bank in a certain tax settlement account or accounts between August 27, 2019 and September 9, 2019, and (2) recover all trust fund taxes in such tax settlement account(s) that were not paid over to the United States. In support of its complaint, the United States alleges as follows:

### JURISDICTION AND PARTIES

1.      The district court has jurisdiction pursuant to 26 U.S.C. § 7402(a), and 28 U.S.C. §§ 1331, 1340, and 1345.

2.      Defendant Pioneer Bank, is a bank doing business in Albany, New York, within the jurisdiction of this Court.

1

3. Defendant Pioneer Bancorp, Inc. is a bank incorporated in Maryland, with a principal place of business in Albany, New York, within the jurisdiction of this Court.

4. Defendant Cloud Payroll, LLC ("Cloud") is a Delaware limited liability company with its principal place of business in Clifton Park, New York, within the jurisdiction of this Court.

### PAYROLL TAXES

5. At the time an employer pays wages, the employer must deduct and pay over to the United States a portion of those wages in respect of federal taxes imposed on the employees, and also must pay the employer's share of federal taxes related to the payment of wages; together, the employees' and employer's taxes are commonly referred to as "payroll taxes." 26 U.S.C. §§ 3102, 3402. These taxes include employees' income tax withholdings; the Federal Insurance Contributions Act (FICA) (Social Security), imposed partly on the employer and partly on the employee; Medicare tax, also imposed partly on the employer and partly on the employee; and the Federal Unemployment Tax Act (FUTA) (imposed solely on the employer). Payroll taxes (excluding FUTA taxes) must be paid over to the United States Treasury as federal tax deposits within a short time of when wages are paid, and any shortfall must be paid with a quarterly employment tax return (reported on Form 941). FUTA taxes are paid annually (reported on Form 940).

6. When a person is required to withhold a tax from wages paid to an employee and pay over the amount withheld to the United States, the amount of the tax withheld is held in trust for the benefit of the United States until it is paid over. 26 U.S.C. § 7501. This trust applies to income tax withholding and the employees' portions of FICA and Medicare tax ("trust fund

taxes"). The employer's portions of FICA and Medicare tax and FUTA taxes are not subject to the imposition of the trust.

7. When net wages are paid without paying over the trust fund taxes, the trust is imposed on the withheld funds.

### THE MONEY AT ISSUE

8. Michael T. Mann ("Mann") operated numerous businesses, including Cloud.

9. The businesses operated by Mann, including Cloud, provided tax collection and payment services, including payment of payroll taxes, for numerous companies throughout the United States.

10. To provide these payroll services to its customers, Cloud had a tax settlement account at defendant Pioneer Bank with an account number ending in 2440 (the "Pioneer tax settlement account.").

11. The Pioneer tax settlement account was used to hold payroll taxes that had been withdrawn from employer accounts by payroll servicing companies until such funds were paid to state and local taxing authorities and the Internal Revenue Service ("IRS").

12. Southwestern Payroll Service Inc. ("Southwestern Payroll") is an Oklahoma payroll support company that contracts with numerous employers to provide payroll processing services, including providing payroll checks to its clients' employees, and collecting, processing, and remitting the clients' payroll taxes to the appropriate taxing authorities in an accurate and timely fashion.

13. On or about April 21, 2017, Mann, through Cloud, purchased 51% of the outstanding stock of Southwestern Payroll.

14. On information and belief, Pioneer Bank provided the financing for Cloud's purchase of the majority interest in Southwestern Payroll.

15. On information and belief, when Southwestern Payroll processed an employer's payroll, Southwestern Payroll withdrew the payroll taxes, including trust fund taxes owed to the IRS, from the employer's accounts and placed those funds in an account controlled by Southwestern Payroll at Prosperity Bank in Tulsa, Oklahoma. From there, National Payment Corporation ("NatPay"), an ACH servicer that contracted with multiple payroll companies (including Southwestern Payroll), would transfer the payroll taxes first to an account at First Premier Bank in Sioux Falls, South Dakota, and then to the Pioneer tax settlement account. The funds would be held in the Pioneer tax settlement account until Cloud provided instructions to NatPay, which would transfer the payroll taxes from that account to First Premier, then to the appropriate state and federal taxing authorities.

16. On information and belief, NatPay transferred funds to the Pioneer tax settlement account for payrolls processed by other payroll-service companies, in addition to Southwestern Payroll.

17. On information and belief, at some point on or prior to August 30, 2019, Pioneer believed Mann to be in default of a $42 million revolving line of credit it had extended to Mann on August 12, 2019, as collateral for which Mann had pledged bank accounts, including the Pioneer tax settlement account.

18. On information and belief, on September 11, 2019, Pioneer sent a default notice to Mann and/or his affiliated companies, demanding payment on the revolving line of credit.

19. On information and belief, beginning on or about August 30, 2019, Pioneer froze outgoing transactions from the Pioneer tax settlement account, but continued to receive deposits

of payroll taxes made by NatPay to that account until September 4, 2019. On and/or after August 30, 2019, Pioneer seized funds in Mann's accounts, including the funds in the Pioneer tax settlement account, to apply towards debts allegedly owed to Pioneer by Mann.

20. On information and belief, the amounts seized by Pioneer include $7,270,458.70 representing payroll taxes transferred from Southwestern Payroll on behalf of 842 employers that were intended to be paid to the IRS. A portion of that $7,270,458.79 represents the trust fund taxes that are held in trust for the United States.

21. Upon information and belief, the employees from whose wages the trust fund taxes set forth in Paragraph 19, above, were withheld were paid net wages and, as such, the portion of the $7,270,458.70 that constituted trust funds within the meaning of 26 U.S.C. § 7501 is properly the property of the United States.

22. On information and belief, the funds seized by Pioneer included at least $6,602,162.56 in payroll taxes transferred to it by NatPay on behalf of payroll processing companies other than Southwestern Payroll. However, it is unknown at this time whether the wages associated with those payroll taxes were paid and, of that amount, what portion constituted trust funds.

23. As a result of Pioneer's actions in seizing the payroll tax deposits from the Pioneer tax settlement account, the employers who made good-faith contractual arrangements to provide for the timely payment of payroll taxes remain liable to the United States to the extent of the unpaid taxes.

### Count I: Accounting (Against Cloud Payroll)

24. The United States incorporates the allegations in Paragraphs 8 through 23 as if they were restated herein.

25. As set forth above, Cloud Payroll was responsible for determining what payroll taxes deposited into the Pioneer tax settlement account were payable to the IRS and transmitting that information to NatPay.

26. The United States requests that the Court order Cloud Payroll to provide an accounting of the funds seized by Pioneer from the Pioneer tax settlement account, specifically delineating, by employer, the amount of wages intended to be paid and the amount of payroll taxes that were intended to be paid to the IRS, which will allow the IRS to determine whether net wages were paid and, thus, the amount of the funds seized by Pioneer which constituted trust funds within the meaning of 26 U.S.C. § 7501.

**Count II: Return of Trust Fund Taxes (Against Pioneer Bank and Pioneer Bancorp)**

27. The United States incorporates the allegations in Paragraphs 8 through 26 as if restated herein.

28. The trust funds paid by the employers, and transmitted from the payroll servicing companies, including but not limited to Southwestern Payroll, to the Pioneer tax settlement account were not Michael Mann's property, and he lacked the authority to pledge such funds as collateral for any loans or lines of credit extended to him by Pioneer.

29. Pioneer Bank and/or Pioneer Bancorp wrongfully seized funds that were subject to the statutory trust imposed by 26 U.S.C. § 7501 in favor of the United States, including but not limited to the $7,270,458.70 transferred to it by NatPay from Southwestern Payroll.

30. On information and belief, at the time it seized the funds, the following facts establish that Pioneer knew or was on notice that the funds it seized from the Pioneer tax settlement account were tax payments intended for taxing authorities, including the IRS, though the list is not intended to be exhaustive:

    a. All ACH transactions sent from the First Premier action to the Pioneer tax settlement account included a batch description of "TAX PAY" or "TAX COL" which Pioneer was required to monitor under the Customer Due Diligence requirements of the Patriot Act.

    b. The Account Agreement Mann filed with Pioneer describes Southwestern Payroll as a "Payroll Company." (Doc. 11-2).

    c. As part of its due diligence efforts in connection with the $42 million revolving line of credit extended to Mann in August 2019, Pioneer knew or should have known about the uses of the funds in the Pioneer tax settlement account, which formed part of the collateral for the loan.

    d. Cloud Payroll held itself out to the public on its website as a payroll processor.

    e. Mann, on at least one occasion informed Dave Blessing, an account manager at Pioneer, that the funds in the Pioneer tax settlement account were tax payments.

31. Pioneer Bank and/or Pioneer Bancorp owe the United States the sum of all trust funds they received, together with statutory interest computed from the date on which the payments should have been transmitted to the IRS.

32. To the extent that any employers subsequently paid net wages (or had net wages paid on their behalf) and then timely paid the trust fund taxes associated with those wages to the IRS, the United States is not seeking to recover those amounts from Pioneer (though the employer may have a cause of action against Pioneer in its own name).[1]

---

[1] The United States reserves its rights to seek to collect unpaid employment taxes from any person or entity it determines was responsible for paying over trust fund taxes and willfully failed to do so.

WHEREFORE, the plaintiff United States of America requests the following relief:

A. The Court enter judgment in favor of plaintiff United States of America and against defendant Cloud Payroll, LLC, ordering Cloud Payroll to provide an accounting of funds it received as a result of transfers from NatPay, specifically delineating, by employer, what portion of the funds seized by Pioneer Bank and/or Pioneer Bancorp were trust fund taxes that were intended to be paid to the IRS.

B. The Court enter judgment in favor of plaintiff United States of America and against defendants Pioneer Bank and Pioneer Bancorp, in the amount of any funds determined to have been subject to the § 7501 trust in favor of the United States, plus interest computed from the date on which the funds should have been transferred to the IRS;

C. The United States of America shall recover its costs, and be awarded such other and further relief as the Court determines is just and proper.

Respectfully submitted,

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

*/s/ Bradley A. Sarnell*
BRADLEY A. SARNELL
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55
Washington, D.C.  20044
202-307-1038 (v)
202-514-5238 (f)
Bradley.A.Sarnell@usdoj.gov